**IN THE UNITED STATES DISTRICT COURT**
**FOR NORTHERN ILLINOIS**

| | |
|---|---|
| LESLIE SHANKLE, | ) CASE: 23cv4000 |
|     PLAINTIFF, | ) JUDGE |
|       v. | ) MAG. |
| JOHN K. WILLIAMS (IND CAP), | ) |
| JOHN DOE SERGEANT (IND CAP), | ) |
|     DEFENDANTS. | ) |

**COMPLAINT FOR MONETARY RELIEF FOR FALSE ARREST (UNCONSTITUTIONAL SEIZURE), ASSAULT, BATTERY, ETC., & SEXUAL ORIENTATION DISCRIMINATION**

NOW COMES Plaintiff LESLIE SHANKLE, by counsel, and files this complaint pursuant to 42 U.S.C. §1983, against DEFENDANTS JOHN K. WILLIAMS AND AGAINST A PERSON FOR WHOM THE NAME IS NOT YET KNOWN BUT DENOTED HEREIN AS JOHN DOE SERGEANT. Plaintiff states as follows through counsel:

**Nature of Case**

Plaintiff, a retired police officer, is an openly gay retired police officer who was working a security detail (for which she qualified based on her experience as a police officer), specifically guarding an 18 wheeler's payload when she was assaulted by crazed woman who came to her car window and attempted to spray her with OC spray and thereafter the Plaintiff was stalked-followed by the crazed woman who used her automobile (as a weapon) trying to force Plaintiff's automobile out of the way (jargon as in "off the road") but instead caused Plaintiff's automobile to crash into a truck. The crazed woman then fled the scene. Defendant Williams, an Elk Grove Village

1

police officer arrived after the events. He knew the crazed woman's identity and location and that she had fled to Chicago, yet he failed to take action as to the crazed woman; rather, assisted her in her crime spree by his omissions.

Defendant Officer Williams not only arrested the Plaintiff-victim but also subjected Plaintiff to anti-Gay bigotry. His report, based on **no** probable cause, states that the person referred to as the crazed woman told him in a telephone conversation (not in person) that the Plaintiff pointed a firearm at her. Such statement is categorically false, and the falseness of the statement could have been easily and readily ascertained by a reasonable police officer but for the officer bent on punishing Gay people and punishing people who are Gay and choose to be police officers.

### **Jurisdiction & Venue**

(1)     Jurisdiction of this court arises under 28 U.S.C. §§1331, and 42 U.S.C. §1983 (to include the 4TH Amendment, and 14th Amendment), as well as §1988 for attorney fees.

(2)     Venue is had through 28 U.S.C. § 1391. Defendants are residents of Illinois in the geographic area in which the U.S. District Court for Northern Indiana is located; and, that a substantial part of the events or omissions giving rise to the claims herein, occurred in this district.

**<u>Parties</u>**

(3)     Plaintiff LESLIE SHANKLE is a white female and legal adult and resident of Cook County, Indiana. Plaintiff was harmed by the Defendant in Cook County, Illinois.

(4)     Defendant JOHN WILLIAMS (sued in his individual capacities), is a legal adult, and a member of the Village of Elk Grove, Illinois Police Department. He injured and harmed the Plaintiff in Cook County, Illinois.

(5)      Defendant JOHN DOE SERGEANT (sued in his individual capacities) is a legal adult and a member of the Village of Elk Grove, Illinois Police Department. He injured and harmed the Plaintiff in Cook County, Illinois.

**FACTS**

1.     Plaintiff is a retired police officer. Plaintiff is also Gay (namely Lesbian).

2.     Plaintiff is an employee of a security company (as is common for retired police officers to take employment with security companies).

3.     In that role as a security officer, on May 18, 2023, Plaintiff was operating a motor vehicle pursuant to guarding and escorting an 18-Wheeler truck with a valuable [expensive] payload.

4.     These escort [type] security services are needed since these are trucks which transport I-Phones, by example. Because of the payloads, these trucks are prone to car-truck jacking.

5.      Plaintiff (in her own automobile), along with the truck, were in the Village of Elk Grove, Illinois.

6.      Plaintiff's automobile was directly behind the truck.

7.      By no fault of the truck driver, but because of the length of the truck and the configuration of the intersection, the driver was having difficulty negotiating a left turn from the intersection. This caused a traffic snarl.

8.      An impatient and crazed woman in an automobile behind the Plaintiff's automobile was honking her horn incessantly at the Plaintiff.

9.      The road rage by the crazed woman escalated when she exited her automobile and showed to the Plaintiff's driver's side window, in a threatening manner and screaming profanity, etc., and then the crazed woman suddenly reached into a fanny back startling the Plaintiff (causing the Plaintiff to believe the woman was about to pull a handgun…). Instead, the crazed woman pulled out a sizeable canister of OC spray and attempted to spray the Plaintiff.  Plaintiff was able to roll up her window.  Plaintiff immediately called the police. Meanwhile, the crazed woman then returned to her automobile and then --driving like a maniac, drove onto the center median in an effort to cut off the Plaintiff, causing the Plaintiff to crash into the truck she was escorting. The crazed woman then led the scene fully aware of the physical damage she had caused. Yet Officer-Defendant

4

Williams and John Doe Sergeant did not take steps to apprehend the crazed woman.

10.     The Plaintiff was wearing her duty weapon, holstered (one the same firearms she carried as a police officer) which could have been visible to any person who looked into the Plaintiff's automobile or came to the Plaintiff's driver side window. On her person, Plaintiff had her retired police badge, valid FOID card and valid IROCC gun carry license (Illinois Retired Officers Concealed Carry card).

11.     The Plaintiff was rightly terrified and startled. At no time did the Plaintiff point a firearm at the crazed woman. But for the Plaintiff being a Gay woman, it can be assumed that the crazed woman would have been ultimately arrested. Rather, the responding officer (namely Williams) who arrived subsequent to the crazed woman who had fled the scene --arrested and charged the Plaintiff-retired police officer (who was on duty escorting a valuable payload) with allegedly pointing her duty weapon (firearm) at the crazed woman, yet there was no evidence of such an act because such act never happened.

12.     Although the crazed woman fled the scene, Defendant Williams wrote in a police report that he interviewed her.

13.     A reasonable police officer would conclude that a fellow reasonable police officer would have personally, in person, interviewed a witness and collected evidence. Based on reasonable information and belief,

Williams had a telephone conversation with crazed woman and when he knew she had fled the scene.

14. No video was reviewed and there were no witnesses other than the crazed woman, yet Officer Williams arrested retired officer Shankle for aggravated assault-battery [with use of a firearm] based on the allegation by the perpetrator-crazed woman.

15. Williams confiscated Shankle's firearm.

16. The arrest-seizure by Williams, was motivated in part by the fact that Shankle is Lesbian.

17. By example, Williams referred to the Plaintiff as "sir" refusing to define her as a she (except in writing his report)--although it is and was readily apparent, she is female and the second motivation was that Williams, who knows the definition of probable cause, decided to dispense with probable cause as to the Plaintiff.

18. Based upon reasonable information and belief, there were cameras in the vicinity. A reasonable police officer could have retrieved the footage in developing probable to arrest the crazed woman. Instead, Defendant Williams (with John Doe Sergeant observing the arrest) opted to operate on bigotry, namely his aversion for Gay people.

19. On scene, Officer Williams was observed by the Plaintiff, removing his body camera.

20.     Defendant John Doe Sergeant was on the scene and Shankle told him how she was victimized by the perpetrator (crazed woman). The sergeant by his omissions, essentially told Shankle, that he would not take action and he verbally told Shankle a statement along the lines of he would not interfere with William's decision to arrest Shankle; although, it was apparent to the sergeant that the arrest was unlawful and unconstitutional.

## COUNT I: 42 U.S.C. § 1983 CLAIM
## 14TH & 4TH AMENDMENT VIOLATIONS, UNLAWFUL ARREST, ASSULT, BATTERY, & FALSE IMPRISONMENT
### (Applies to both Defendants)

(1)     Plaintiff repeats, re-alleges, and incorporates by reference, the allegations in all preceding paragraphs of this Complaint, especially the section entitled "FACTS," with the same force and effect as if herein set forth. The facts section is to be read as Paragraph 1 of this count.

(2)     Both Defendants were acting under color of law at all times and intended a physical or mental effect on Plaintiff through their tortious conduct.

(3)     Defendant Williams is listed as the arresting officer as per his own his admission.

(4)     Defendant SERGEANT was completely aware of the crimes by the crazed woman.

(5)     Both Defendants assaulted the Plaintiff by having put her in fear of an unlawful touching by them.

(6)     Defendants unlawfully seized the Plaintiff.

(7)     Defendant Williams handcuffed Plaintiff (a battery), locked Plaintiff in a police vehicle (false imprisonment), etc., all without probable cause. (And that the Sergeant did nothing to stop the unlawful seizure),

(8)     Defendant Williams unlawfully deprived Plaintiff of her firearm.

(9)     Defendants did deprive Plaintiff of her constitutional rights which included her right to be free from unlawful seizure or arrest; as well as her right to be Gay and her right to have been a Gay police officer and not to be subjected to seizure by a government official because she is gay and because she served as a police officer as a Gay woman.

(10)    Because of Defendant Williams especially, Plaintiff was unable to earn income from her employment from the day of the seizure until the day that the charges were dismissed by a court on June 20, 2023.

(11)    The unlawful actions of the Defendants proximately caused Plaintiff's harm and caused the Plaintiff to suffer injuries which include physical, pain and suffering, loss of income, humiliation and deprivation of liberty and property.

WHEREFORE, and that there is sought, judgment against Defendants jointly and severally for actual, general, special, compensatory damages in the amount in excess of $100,000, plus punitive damages and further demands judgment against Defendants for the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT II: 42 USC 1983, FAILURE TO SUPERVISE CLAIM AGAINST DEFENDANT SERGEANT JOHN DOE
### (Applies to Defendant Sergeant)

1. Plaintiff repeats, re-alleges and incorporates by reference, the allegations in the aforementioned paragraphs (including the "Facts" section) with the same force and effect as if herein set forth.

2. Defendant SERGEANT was acting under color of law.

3. Defendant SEEGEANT was one of Defendant's Williams' supervisors.

4. At the scene, after the crazed woman had fled, Defendant SERGEANT became (and was) completely aware of the crimes by the crazed woman. This is included that he knew that the crazed woman had fled the scene.

5. Defendant SERGEANT, as the supervisor of Defendant WILLIAMS, was present for and observed the unlawful arrest yet did nothing to stop William's unlawful conduct.

6. Defendant SERGEANT proximately caused Plaintiff's injuries. Plaintiff suffered harm to include pain and suffering to include physical pain, humiliation, and loss of wages, inter alia.

WHEREFORE, and that there is sought, judgment against Defendants jointly and severally for actual, general, special, compensatory damages in the amount in excess of $100,000, plus punitive damages and further

demands judgment against Defendants for the costs of this action, including

attorney's fees, and such other relief deemed to be just and equitable.

**\*Plaintiff hereby makes a demand for a Jury.**

DATED: 6-23-2023
Respectfully Submitted,
s\Christopher Cooper, ESQ., Plaintiff's Counsel
**A FRATERNAL ORDER OF POLICE LEGAL DEFENSE PLAN ATTORNEY**
Law Office of Christopher Cooper, INC.
426 N. Broad St, Griffith, IN, 46319 OR 105 W. Madison St, Ste 1350, Chicago, IL 60602
Tel: 312 473 2968; FAX: 866 334 7458; E-Mail: cooperlaw3234@gmail.com